IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES E. SLATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:04CV00782 |
| | ) | |
| JOHN E. POTTER, Postmaster | ) | |
| General, ROY L. MONTAGUE, | ) | |
| Postmaster, and SHARON B. | ) | |
| SINK, Supervisor, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDERS AND RECOMMENDATIONS
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff James E. Slate, on August 26, 2004, submitted to the Clerk a Complaint in which he named as defendants John E. Potter, Roy L. Montague, and Sharon B. Sink. Plaintiff Slate, proceeding *pro se*, accompanied his Complaint with an Application for Leave to Proceed *in forma pauperis*. The Clerk forwarded the Application to the undersigned Magistrate Judge for a ruling. On August 31, the undersigned granted *in forma pauperis* status to Plaintiff, and the Clerk stamped the Complaint "filed" on August 31. Nonetheless, it is clear that Plaintiff Slate had completed all steps for the filing of the Complaint on August 26, *see* Fed. R. Civ. P. 5(e), and **IT IS ORDERED** that the Complaint shall, *nunc pro tunc*, be deemed for all purposes to have been filed on August 26, 2004.

In the Complaint, Plaintiff Slate alleged that he had worked as a letter carrier for the United States Post Office for more than 13 years when, in 2000, he was discriminated against and removed from his employment. Plaintiff alleges that he was discriminated against on the basis of his disabilities, and he also alleges that the Defendants retaliated against him because of his workplace complaints.

In response to the Complaint, Defendants filed a "Motion to Dismiss or in the Alternative for Summary Judgment." (Pleading No. 18.) Plaintiff, for his part, filed a "Motion – Request for Judgment by Default" (Pleading No. 14), and, thereafter, a "Motion for Partial Summary Judgment." (Pleading No. 21.)

On review, the Court **RECOMMENDS** denial of Plaintiff's request for a default judgment. The record shows without dispute that the United States attorney was not served with process until September 27, 2004. Pursuant to Fed. R. Civ. P. 12(a)(3)(A), Defendants were required to respond to the Complaint within 60 days, plus the 3-day period allowed under Fed. R. Civ. P. 6(e). On November 24, within the time permitted for response, the United States requested a 30-day extension of time, and the request was granted on December 10. Defendants were given until December 29 to respond to the Complaint. On December 29, Defendants filed their motion to dismiss or for summary judgment. Accordingly, Defendants' December 29, 2004 response to the Complaint was timely, and Plaintiff Slate's request for entry of a default (Pleading No. 14) should be denied.

Turning to Defendants' motion to dismiss, the Court **RECOMMENDS** that the motion be granted as to Defendants Montague and Sink, Postmaster and Supervisor, respectively. Plaintiff brings claims under Title VII, 42 U.S.C. § 2000(e) *et seq.*; the Rehabilitation Act; and the Americans with Disabilities Act. It is well settled that the proper defendant in such claims is the head of the governmental agency involved. *See Mahoney v. United States Postal Service*, 884 F.2d 1194 (9th Cir. 1989); *Ellis v. United States Postal Service*, 784 F.2d 835, 838 (7th Cir. 1986); and *Lockhart v. United States*, 961 F. Supp. 1260, 1265 (N.D. Ind.), *aff'd without op.*, 129 F.3d 1267 (7th Cir. 1997). Accordingly, John E. Potter, Postmaster General, is the only proper defendant to all claims in this action, and Plaintiff's claims against Defendants Montague and Sink must be dismissed.

Defendant Potter seeks dismissal of all of Plaintiff's claims at this time on a number of legal grounds, including untimeliness of the complaint, Plaintiff's failure to exhaust administrative remedies, Plaintiff's election of remedies, and the asserted lack of merit of Plaintiff's claims. Some of Defendant's arguments, including the contention that Plaintiff's claims are without merit, may be more thoroughly examined and accurately determined on a developed record, after discovery. Other of Defendant's arguments, including those relating to untimeliness, are based upon a contention that Plaintiff's action herein was filed on August 31, 2004, whereas the Court has determined above that the action was effectively "filed" August 26, 2004. Plaintiff, for his part, has filed his own motion for partial summary judgment. In its discretion, the Court concludes that it is in the interest of justice that all of

Defendant's potentially dispositive motions and Plaintiff's summary judgment motion be decided on a full record, after an opportunity for discovery is afforded. For this reason, the Court will defer ruling on the remaining motions to dismiss and summary judgment motions until after the close of the discovery period, *see* Fed. R. Civ. P. 12(d), in accordance with the procedures set out below.

For reasons set forth above, **IT IS ORDERED** that Plaintiff's complaint be deemed, *nunc pro tunc,* to have been filed on August 26, 2004; **IT IS RECOMMENDED** that Plaintiff's request for a default judgment (Pleading No. 14) be denied; **IT IS RECOMMENDED** that the motion to dismiss filed by Defendants Montague and Sink (Pleading No. 18) be granted as to them; **IT IS ORDERED** that all other motions to dismiss or for summary judgment be deferred until after discovery; and **IT IS ORDERED** that discovery may commence at this time and shall close by November 18, 2005. Each side shall be permitted two depositions, five interrogatories, five document requests, and five requests for admission. Any dispositive motions shall be filed by December 21, 2005, and responses and replies shall be in accordance with the local rules.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: August 19, 2005

-4-

Case 1:04-cv-00782-JAB   Document 30   Filed 08/19/05   Page 4 of 4