# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES E. SLATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:04CV00782 |
| | ) |
| JOHN E. POTTER, Postmaster General, | ) |
| | ) |
| Defendant. | ) |

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on Plaintiffs motion for summary judgment (Pleading No. 38) and Defendant's motion to dismiss or in the alternative for summary judgment (Pleading No. 39). The cross-motions are ready for a ruling.

**Factual and Procedural Background**

Plaintiff James E. Slate ("Plaintiff") was employed by the United States Postal Service ("the agency") for thirteen years. At the time of the events underlying this litigation, Plaintiff was a letter carrier in High Point, North Carolina. Plaintiff alleges that Defendant John E. Potter ("Defendant") discriminated against him based on his disability and in retaliation for complaints and grievances he filed.

Throughout his employment, Plaintiff suffered from bronchitis, bronchiectasis, anxiety, facial numbness, and other ailments for which he took prescription medication. As

a result of his condition, he experienced frequent bouts of coughing, facial numbness, had panic attacks, and required frequent bathroom breaks. Plaintiff alleges, and has testified in past proceedings, that Defendant accommodated his condition in numerous ways so that Plaintiff was able to perform his job as a letter carrier. Nevertheless, sometime in 1999, Plaintiff requested training as a 204- B supervisor and vehicle maintenance assistant because he believed that these positions would better accommodate his health issues. Plaintiff alleges that Defendant denied his request and discriminated against him by instead giving the opportunity to a younger, less qualified, non-disabled individual.

Plaintiff was subject to increasingly serious disciplinary actions between December 1999 and June 2000. On December 16, 1999, the agency issued a Letter of Warning for Plaintiff's failure to follow directions and unauthorized expansion of office and street time. (Pleading No. 40, Def.'s Mem. in Supp. of Mot. to Dismiss, Ex. 1.) On January 19, 2000, the agency issued a 7-day suspension for Plaintiff's failure to follow instructions. *Id.,* Ex. 2. On March 9, 2000, the agency issued a 14-day suspension for Plaintiff's failure to follow instructions. *Id.,* Ex. 3. By memorandum dated June 29, 2000, Defendant proposed that Plaintiff be removed from his position as a carrier based on improper conduct and failure to follow instructions, setting forth six underlying specifications. *Id.* Ex. 6. Plaintiff was removed from his position effective August 4, 2000. *Id.*

On March 14, 2000, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), designated as Agency No.4D- 270-0066-00, alleging

age and disability discrimination and retaliation in connection with Plaintiff not being permitted to take medication, not being selected for training, receiving a letter of warning, and being suspended for 7 days. *Id.,* Ex. 4. On June 20, 2000, Plaintiff filed another formal complaint, designated as Agency No. 4D-270-0076-00, alleging age and disability discrimination and retaliation in connection with his not being permitted to take medication and his 14-day suspension. *Id.* Ex. 5. These two complaints were consolidated for processing. *Id.,* Ex. 7.

Approximately one year later, on May 24, 2001, Plaintiff filed another formal complaint, designated as Agency No. 4D-270-0041-01, alleging discrimination in the letter of warning, 7-day suspension and 14-day suspension. *Id.,* Ex. 26. On July 11, 2001, the complaint was dismissed as untimely. *Id.*, Ex. 27. The dismissal informed Plaintiff of his right to file an appeal with the Office of Federal Operations ("OFO") within 30 days and his right to file a civil action within 90 days. Plaintiff did not file an appeal following this decision.

On July 25, 2001, Plaintiff filed another informal complaint, designated as Agency No. 4D-270-0108-01, alleging disability discrimination and retaliation in connection with issuance of the letter of warning, 7-day suspension, and 14-day suspension. He also added a claim related to the June 29, 2000 Notice of Removal. *Id.,* Ex. 11. On September 5, 2001, the EEO dismissed this complaint as untimely. *Id.,* Ex. 12. Plaintiff filed an appeal with the

-3-

OFO. On March 13, 2003, the OFO affirmed EEOC's dismissal of the claim related to the Notice of Removal. *Id.,* Ex. 13.

The EEOC conducted a hearing on Plaintiff's timely filed claims on July 24-25, 2002. On January 8, 2003, the EEOC issued a Decision finding that Plaintiff was not disabled and had not proved age-based discrimination or retaliation. *Id.,* Ex. 8. The Decision advised Plaintiff of his right to file an appeal with the Office of Federal Operations within 30 days of receipt of the Final Agency Decision. The Final Agency Decision was issued on January 23, 2003. On April 14, 2003, Plaintiff appealed the Commission's decision to the OFO. On July 15, 2003, the OFO dismissed the appeal as untimely. *Id.* Ex. 9. Plaintiff filed a request for reconsideration, which was denied by the OFO on September 4, 2003. The denial advised Plaintiff of his right to file a civil action within 90 days of his receipt of the decision. *Id.,* Ex. 10. Plaintiff filed this civil action on August 26, 2004.

In addition to filing the various EEO complaints, Plaintiff pursued a grievance-arbitration procedure pursuant to the collective bargaining agreement.[1] An arbitration hearing was held on June 1, 2001 and the arbitrator upheld the removal on June 25, 2001. *Id.,* Ex. 19.

In addition to seeking relief through the EEO complaints and the grievance-arbitration process, Plaintiff sought relief through the Merit Systems Protection Board ("MSPB"). On

---

[1]Although the parties have not provided the Court with a copy of the collective bargaining agreement, other record documents suggest that, under the collective bargaining agreement, the grievance process was not the exclusive remedy available to Plaintiff. (Pleading No. 40, Ex. 6.)

August 4, 2000, Plaintiff filed an appeal with the MSPB alleging discrimination based on age and disability and retaliation in connection with his August 4, 2000 removal. *Id.*, Ex. 14. On October 6, 2000, the MSPB dismissed the appeal without prejudice, pursuant to the joint motion of the parties, who were in arbitration. *Id.,* Ex. 15. Plaintiff was granted leave to refile the appeal no sooner than 36 days and no later than 45 days after the date of the decision (by November 20, 2000). Plaintiff refiled his appeal on November 21, 2000. *Id.,* Exs. 16 and 17. On January 18, 2001, the MSPB dismissed Plaintiff's appeal as untimely. *Id.,* Ex. 18. However, on July 25, 2002, the MSPB reversed itself and granted the petition for review, excusing Plaintiff's failure to re-file the appeal by November 20, 2000 based on Plaintiff's showing of good cause for the one-day delay. *Id.*, Ex. 22.

The MSPB heard the appeal on February 12, 2003. At the conclusion of the hearing, Plaintiff withdrew the claim of age discrimination. In an Initial Decision dated March 19, 2003, the MSPB exercised jurisdiction over the issue of whether the removal promoted the efficiency of the service, which included consideration of Plaintiff's affirmative defenses of disability discrimination and retaliation. *Id.*, Ex. 23. The MSPB found no discrimination or retaliation in connection with Plaintiff's removal. *Id.* Plaintiff filed a Petition for Review with the MSPB, which was denied on May 10, 2004. On June 7, 2004, Plaintiff filed a Petition for Review with the OFO. On July 28, 2004, the OFO issued a decision concurring with the MSPB final decision finding no discrimination. *Id.,* Ex. 24. The OFO decision advised Plaintiff that he could file a civil action within 30 days of receiving the decision. *Id.*

On August 26, 2004, Plaintiff filed this civil action.[2] Plaintiff alleges that Defendant engaged in prohibited discrimination and retaliation between approximately December 1999 and August 2000, in connection with the letters of warning, suspensions, removal, and certain other specific events listed in the complaint. Plaintiff seeks relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.* ("Rehabilitation Act"); and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA").[3]

Defendant moves to dismiss Plaintiff's claims on grounds that the court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies for certain claims, elected to pursue certain claims before the EEOC instead of the MSPB, failed to file a timely civil action in connection with certain claims, and failed timely to pursue his claims before the MSPB. (Pleading No. 39) Plaintiff has opposed Defendant's motion. Plaintiff, by separate motion, seeks summary judgment on his claims. (Pleading No. 38.) Defendant has opposed Plaintiff's motion.

---

[2]This Court previously ordered that the Complaint be deemed, for all purposes, to have been filed on August 26, 2004. (Pleading No. 30.)

[3]Consolidated with these claims for purposes of these motions is a separate claim, asserted in companion case 1:05CV00221, that Defendant discriminated against Plaintiff by failing to return him to the agency rolls after the MSPB accepted his appeal. *See* Mem. Op. dated Feb. 23, 2006.

**Discussion**

**I.      Defendant's Motion to Dismiss or in the Alternative for Summary Judgment**

Defendant seeks dismissal of Plaintiff's claims on grounds that the Court lacks subject matter jurisdiction. In support, Defendant submits a number of exhibits. (Pleading No. 40.) Plaintiff has opposed the motion.

**A.      Standard of Review**

When a challenge pursuant to Rule 12(b)(1) is raised to the factual basis of subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In determining whether jurisdiction exists, the court is to regard the allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id.*; *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987). The court applies the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth facts beyond the pleadings to show that a genuine dispute of material fact exists. *Id.* at 1559. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id.* at 1558; *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991).

## B. Election of Remedies

Federal sector employees, like private sector employees, enjoy protection from discrimination and retaliation in employment. *See* 5 U.S.C. § 7101, *et seq.*; 29 C.F.R. § 1614.101. Federal sector employees, however, may pursue a number of avenues to obtain administrative review of their claims. Nevertheless, they are not allowed "to browse at will through multiple administrative reviews in search of a more favorable outcome." *Economou v. Caldera*, 286 F.3d 144, 150 (2d Cir. 2002). Under the controlling regulations, "[a]n aggrieved person may initially file a mixed case complaint with an agency [the EEO] pursuant to this part or an appeal on the same matter with the MSPB . . ., but not both."[4] 29 C.F.R. § 1614.302(b). A binding election between the MSPB and EEO remedies occurs as soon as a formal petition is filed in either forum. *Id.*

Plaintiff elected to use the EEO process to pursue his claims that he was subjected to discrimination or retaliation when he was not allowed to take medication, not selected for training, issued a letter of warning, and was suspended for 7 and then 14 days. By electing to use the EEO process to assert those claims, Plaintiff could not then bring the same claims before the MSPB.

On the other hand, Plaintiff elected to pursue relief for discriminatory and retaliatory removal through the MSPB. On August 4, 2000, Plaintiff filed a claim with the MSPB alleging that his removal was discriminatory and retaliatory. As discussed in greater detail

---

[4]A mixed case complaint is one that includes allegations that an appealable agency action was effected, in whole or in part, because of discrimination. *See* 29 C.F.R. § 1614.302(a) (1) and (2).

below, although the MSPB complaint initially was dismissed without prejudice, refiled, and dismissed for refiling outside the established time frame, the MSPB ultimately exercised jurisdiction and considered the claims on the merits.

## C. Exhaustion and Timeliness of Claims Pursued Through the EEOC

Complaints of disability discrimination against federal employers are brought under the Rehabilitation Act using procedures applicable to Title VII claims. Claims for retaliation are also governed by the Title VII framework. In cases brought under Title VII, the federal government waives its immunity based on the condition that government employees first exhaust their administrative remedies as defined by the statute and regulations. 42 U.S.C. § 2000e-16; *Brown v. Gen. Servs. Admin.*, 425 U.S. 820 (1976). Plaintiff has exhausted some claims asserted in this case, but not others. However, even the exhausted claims were untimely asserted in this civil action and are barred.

Plaintiff exhausted his claims that he was subjected to discrimination or retaliation when he was not allowed to take medication, not selected for training, issued a letter of warning, and suspended for 7 days and then suspended for 14 days. The September 4, 2003 decision denying the Request for Reconsideration in Agency Nos. 4D-270-0066-00 and 4D-270-0076-00, EEOC Hearing No. 140-A1-8250, clearly notified Plaintiff that he had 90 days from receipt of the decision to file a civil action. (Pleading No. 40, Ex. 10.) Plaintiff was entitled to file a civil action within 90 days after receiving the decision. 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 626(e); 29 C.F.R. § 1614.407. The 90-day period for Plaintiff to file a

civil action with regard to refusal to allow medication, non-selection for training, letter of warning, 7-day suspension and 14-day suspension expired on or about December 4, 2003. Plaintiff did not file the instant civil action until August 26, 2004, nine months after expiration of the 90-day period. Accordingly, Plaintiff's claims that he was discriminated or retaliated against in connection with the refusal to allow medication, non-selection for training, letter of warning, 7-day suspension and 14-day suspension are untimely.

Plaintiff also exhausted his claim for discrimination in the issuance of the notice of removal. With regard to Plaintiff's EEOC challenge to the June 2000 notice of removal, the EEOC dismissed the claim in Agency No. 4D-270-0108-01. On March 13, 2003, the OFO affirmed that decision. (Pleading No. 40, Ex. 13.) However, once again, he did not timely file a civil action. The time period for filing a civil action with regard to the notice of removal expired on June 13, 2003. Plaintiff did not file the instant civil action until more than 14 months after expiration of the 90-day period.

Plaintiff failed to exhaust his administrative remedies with respect to other claims he attempts to assert in this action. Plaintiff appears to seek relief for a number of specific instances of discrimination and retaliation not previously addressed in his EEO complaints. The manner in which he sets forth the facts related to these instances reads more like an explanation for the alleged misconduct that prompted disciplinary action, but he alleges discrimination in connection with each of them. Discrimination is said to have occurred on May 1, 10, 12 and 19, 2000, June 8, 9, 19 and 26, 2000, July 7 and 10, 2000 and October 17,

2000. Additionally, Plaintiff claimed in 1:05CV00221 that Defendant discriminated against him in connection with its failure to return him to agency rolls after the MSPB accepted his appeal, a claim which now has been consolidated with the claims in this action for purposes of these motions. Plaintiff neither exhausted his administrative remedies nor filed a timely civil action with regard to these claims, and they should be dismissed.

**D.     Exhaustion and Timeliness of Claims Pursued Through the MSPB**

The Civil Service Reform Act sets forth procedural safeguards for certain federal employees who are affected by adverse personnel actions as a result of misconduct. 5 U.S.C. §§ 7501-7703; *Sloan v. West*, 140 F.3d 1255, 1259 (9th Cir. 1998). The Act provides for a detailed administrative scheme for resolution of complaints and creates an administrative appellate authority known as the Merit Systems Protection Board ("MSPB"). Certain federal employees, including some postal service employees, are entitled to administratively appeal certain designated adverse employment decisions to the MSPB. 5 U.S.C. § 7512. Although merit-principle non-discrimination claims are the focus of the MSPB's jurisdiction, Congress gave the MSPB jurisdiction over discrimination claims when raised in conjunction with an adverse action, such as removal, otherwise within the Board's jurisdiction. *Sloan*, 140 F.3d at 1259; 5 U.S.C. § 7702(a)(1)(A)-(B). The federal district courts are empowered to hear appeals related to claims of discrimination, *de novo*, if timely filed following agency review. *Id.* §§ 7702, 7703(b)(2).

With respect to the claim that his August 4, 2000 removal was discriminatory and retaliatory, Plaintiff filed his first formal petition for review with the MSPB on August 4, 2000. By doing so, Plaintiff elected to pursue this claim through the MSPB process. *See* 29 C.F.R. § 1614.302.[5] Although Plaintiff permitted the MSPB complaint to be dismissed without prejudice pending arbitration, he ultimately refiled the claim, the MSPB found the refiling timely, and the MSPB exercised jurisdiction over Plaintiff's claim that his removal was discriminatory and retaliatory. *See* Pleading No. 40, Ex. 23.

In spite of the MSPB's finding of good cause to support Plaintiff's delay in refiling his complaint challenging his removal, exercising jurisdiction over the issues of discrimination and retaliation, and this Court's finding that Plaintiff filed this action within 30 days of the final agency decision on the claim, Defendant still maintains that Plaintiff's claims before the MSPB were untimely filed and, in the alternative, that this action was untimely filed. This Court finds no legal or factual basis on which to disturb the MSPB's exercise of jurisdiction over the issue of whether Plaintiff's removal was discriminatory or retaliatory, the MSPB's finding of good cause justifying Plaintiff's one-day delay in refiling his claim, or to reverse this Court's own finding that this action was filed on August 26, 2004, within 30 days of the final decision on the claim before the MSPB.

---

[5]The MSPB would not have had jurisdiction over challenges to the suspensions. *See* 5 C.F.R. § 1201.3; *Synan v. Merit Systems Protection Board*, 765 F.2d 1099 (Fed. Cir. 1985); *Jones v. Secretary, Dept. of Army*, 912 F. Supp. 1397 (D. Kan. 1995).

-12-

Although Plaintiff initially asserted a claim under the Age Discrimination in Employment Act ("ADEA") in connection with his appeal to the MSPB, and therefore elected that avenue for relief in connection with the claim of discrimination in his removal, Plaintiff withdrew his allegation of age discrimination at the end of the MSPB hearing. (Pleading No. 40, Ex. 23.) Plaintiff has not properly alleged a claim under the ADEA in his Complaint and, in any event, cannot reinstate that claim, which he abandoned. *See Vinieratos v. U.S. Dep't. of Air Force*, 939 F.2d 762, 770-71 (9th Cir. 1991); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 610-11 (D. Md. 2003) ("It is well established that a complainant who withdraws an appeal before the MSPB fails to exhaust administrative remedies and is barred from filing a civil action in federal court.").

## II. Plaintiff's Motion for Summary Judgment

Plaintiff has moved for summary judgment on the substantive claims. The only claim that survives Defendant's motion to dismiss is Plaintiff's claim that, in connection with his August 4, 2000 removal, Defendant discriminated or retaliated against Plaintiff.

### A. Standard of review

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the initial burden of establishing that

there is no genuine issue of fact and that he is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). After the movant meets this burden, the opponent must point to specific facts showing that there is a genuine issue for trial. *Id.* at 324. The Court must believe the evidence of the non-movant, and all justifiable inferences must be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**B.    Plaintiff's Motion**

Plaintiff asks the Court to find that he has established a *prima facie* case of discrimination in his removal because (1) the Office of Veteran's Affairs considered him to be an individual with a disability; (2) the Postal Service hired him knowing this; (3) the Postal Service accommodated his disabilities; (4) the EEOC assumed him to be a qualified individual with a disability; and (5) the Employment Security Commission of North Carolina found that there was no misconduct or substantial fault by Plaintiff.

Based on the review of the record, the Court finds that Plaintiff is not entitled to judgment as a matter of law on his claims and recommends that Plaintiff's motion for summary judgment be denied. Plaintiff appears to argue that prior assumptions, findings and rulings of federal and state agencies are binding on this Court, through *res judicata* or collateral estoppel. Such is not the case. Plaintiff offers no admissible evidence that would entitle him to judgment as a matter of law pursuant to Rule 56.

## Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Pleading No. 39) be granted as to all claims except Plaintiff's claim for disability discrimination and retaliation in connection with his August 4, 2000 removal.

**IT IS RECOMMENDED** that Plaintiff's motion for summary judgment (Pleading No. 38) be denied.

**FURTHER, IT IS ORDERED** that the parties may conduct discovery to and including December 8, 2006 on the Plaintiff's claim for disability discrimination and retaliation in connection with his August 4, 2000 removal. Discovery shall be in accordance with the standard track under LR26.1, meaning that interrogatories and requests for admissions are limited to 15 in number by each party, and depositions are limited to 4 per party. Summary judgment motions are due 30 days after the close of discovery.

                                                /s/ P. Trevor Sharp
                                    United States Magistrate Judge

Date: July 25, 2006